IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

V.   NO: 4:22-CR-125

LACHRISTOPHER ONTONIO MAYS   DEFENDANT

## ORDER

This matter is before the Court on the Defendant LaChristopher Ontonio Mays's Motion to Withdraw Plea of Guilty [28]. Defendant Mays was charged with a single count of possessing a firearm after previously being convicted as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [1]. Mr. Mays entered a plea of guilty under a plea agreement, which the Court accepted. [22, 23, 24]. Two days before his sentencing hearing, Mr. Mays moved to continue sentencing and for leave to withdraw his plea of guilty. [27, 28]. The Court granted the motion to continue sentencing [29] and now rules on the motion to withdraw [28]. The government opposes the motion to withdraw. [42].

Mr. Mays seeks to withdraw his guilty plea under FED R. CRIM. P. 11(d), which allows a defendant to withdraw a guilty plea after it is accepted by a court if the defendant shows a fair and just reason for the request. Mr. Mays would like to withdraw his plea so that he may seek dismissal of his indictment under FED. R. CRIM. P. 12 and *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). [2]. He contends that under *Bruen* and Fifth Circuit progeny *United States v. Rahimi*, 59 F.4th 443 (5th Cir. 2023) and *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), § 922(g)(1) is unconstitutional as applied to him.

In determining whether a defendant may withdraw a plea of guilty, courts in the Fifth Circuit apply a seven-factor test. The factors are: (1) whether the defendant asserts actual

innocence; (2) the risk of prejudice to the government; (3) extent of any delay filing the motion to withdraw; (4) whether withdrawal would substantially inconvenience the court; (5) whether the defendant had the benefit of close assistance of counsel; (6) whether the guilty plea was knowing and voluntary; and (7) the extent to which withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

The *Carr* factors generally weigh in favor of denying the motion to withdraw. Mr. Mays does not assert actual innocence, and he acknowledges that his plea was knowing and voluntary. Mr. Mays benefited from close assistance of counsel. Withdrawal would require the parties to argue Mr. Mays's intended motion to dismiss, and the Court would need to consider and rule on the intended motion to dismiss. If the intended motion failed, the parties would have to re-negotiate a guilty plea or proceed to trial. Most saliently, withdrawal would waste judicial resources. The Court has already considered and rejected the argument that under *Bruen* and its Fifth Circuit progeny the felon dispossession statute is unconstitutional as applied to other felons. *See, e.g.*, *United States v. Brown*, No. 4:23-cr-71 (N.D. Miss. Dec. 20, 2023) (detailing analysis and finding felon dispossession statute constitutional as applied). Nothing in the record before the Court suggests that a different analysis would apply in this case.

For these reasons, the Court finds that Mr. Mays is not entitled to the relief he seeks.

**ACCORDINGLY, IT IS ORDERED**:

Defendant Mays's Motion to Withdraw Plea of Guilty [28] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 8th day of January, 2024.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI